RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 SEP 29 P 12 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

AFC CABLE SYSTEMS, INC. and WPFY, INC., )
                                        )
            Plaintiffs,                 )   Civil Action No. _____
                                        )
     v.                                 )   **JURY TRIAL DEMANDED**
                                        )
ALFLEX CORPORATION,                     )
                                        )
            Defendant.                  )

**04cv 12089 MLW**

**COMPLAINT**

MAGISTRATE JUDGE _____

Plaintiffs AFC Cable Systems, Inc. and WPFY, Inc. allege for their Complaint against Alflex Corporation as follows:

1. This is a civil action for enforcement of the valid, binding, and enforceable Settlement and License Agreement that defendant Alflex Corporation entered into with plaintiffs AFC Cable Systems, Inc. and WPFY, Inc., dated April 7, 1999. By a Stipulation of Dismissal and Order dated April 30, 1999 entered by this Court in the case of <u>AFC Cable Systems, Inc., et al. v. Alflex Corp.</u>, Civil Action No. 98-10425 (MLW), this Court expressly and specifically retained jurisdiction over the enforcement and interpretation of said Settlement and License Agreement.

**PARTIES**

2. Plaintiff AFC Cable Systems, Inc. ("AFC") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New Bedford, Massachusetts, within this judicial District.

3. Plaintiff WPFY, Inc. ("WPFY") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Wilmington, Delaware.

4. Upon information and belief, defendant Alflex Corporation ("Alflex") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Long Beach, California, and residing in this judicial District within the meaning of 28 U.S.C. § 1391(c).

## JURISDICTION

5. This action arises under the laws of the Commonwealth of Massachusetts, including the laws governing contracts.

6. This Court has subject matter jurisdiction over this action pursuant to the terms of its April 30, 1999 Stipulation of Dismissal and Order in <u>AFC Cable Systems, Inc., et al. v. Alflex Corp.</u>, Civil Action No. 98-10425 (MLW), wherein the Court stated in pertinent part that it "shall retain jurisdiction over the enforcement and interpretation of the Settlement and License Agreement dated as of April 7, 1999 entered into by AFC, WPFY and Alflex for purposes of dismissing this action."

7. This Court has personal jurisdiction over Alflex because Alflex, among other things, has consented to such jurisdiction in the Stipulation of Dismissal and Order in <u>AFC Cable Systems, Inc., et al. v. Alflex Corp.</u>, Civil Action No. 98-10425 (MLW), entered by this Court on April 30, 1999, has contracted in this District with AFC and WPFY, conducts or solicits business within this District, derives substantial revenue from the sales of its products and/or services within this District, and has constitutionally sufficient contacts with the Commonwealth of Massachusetts as to make personal jurisdiction proper in this Court.

## VENUE

8. Venue is proper in this judicial District under 28 U.S.C. §§ 1391(a) and (c).

## GENERAL ALLEGATIONS

9. WPFY is the owner of United States Patent Nos. 5,350,885, 5,468,914, 5,557,071, and RE 38,345 E, the reissue of No. 5,708,235 (collectively, "the Licensed Patents"), which are all valid, legally issued patents.

10. WPFY has granted to AFC an exclusive license, to make, use, import, sell and offer for sale products covered by the Licensed Patents. WPFY has also granted AFC the right to grant sublicenses to make, use, sell, and offer for sale products covered by the Licensed Patents.

11. On or about March 10, 1998, AFC and WPFY instituted an action against Alflex in this Court for infringement of United States Patent No. 5,708,235 ("the '235 Patent"), for infringement of AFC's trademark slogan "IT CAN'T BE SEEN IF IT ISN'T GREEN," and for related claims of false designation of origin, trademark dilution, and unfair competition ("the Lawsuit"). The Lawsuit was docketed as <u>AFC Cable Systems, Inc., et al. v. Alflex Corp.</u>, Civil Action No. 98-10425 (MLW).

12. On or about April 7, 1999, AFC, WPFY, and Alflex entered into a valid, binding, enforceable, and confidential Settlement and License Agreement ("Agreement") in settlement and dismissal, without prejudice, of all claims and counterclaims asserted in the Lawsuit.

13. Under the Agreement, AFC granted Alflex a sublicense. The Agreement also expressly imposed certain obligations and prohibitions on Alflex.

14. On April 30, 1999, this Court entered a "Stipulation of Dismissal and Order" in the Lawsuit, providing in pertinent part that "this Court shall retain jurisdiction over the enforcement and interpretation of the Settlement and License Agreement dated as of April 7, 1999 entered into by AFC, WPFY and Alflex for purposes of dismissing this action."

### Southwire Company's Acquisition of Alflex

15. Upon information and belief, on or about July 31, 2004, a third party, Southwire Company ("Southwire"), acquired all of the stock of Alflex. Upon information and belief, Southwire alleges that Alflex has become a wholly-owned subsidiary of Southwire.

16. Upon information and belief, Southwire is in fact treating Alflex as a *de facto* division of Southwire, not as a subsidiary.

17. Upon information and belief, Southwire has assumed responsibility for key administrative, manufacturing, marketing, and sales functions at Alflex, including functions relating to Alflex's manufacture and sale of products covered by the sublicense AFC granted to Alflex. Upon information and belief, Southwire is also actively engaging in, and otherwise assisting Alflex in, the manufacture, marketing, and sale of products falling within the scope of the Alflex sublicense. Upon information and belief, Alflex has granted *de facto* sublicenses to Southwire.

18. Upon information and belief, Alflex has breached certain of its material obligations and prohibitions under the Agreement.

### Alflex's Declaratory Judgment Action Against AFC and WPFY in Delaware Chancery Court

19. On or about September 7, 2004, Alflex instituted, under seal, a declaratory judgment action against AFC and WPFY in the Court of Chancery in New Castle County, Delaware ("the Delaware Action"), which is docketed as <u>Alflex Corp. v. WPFY, Inc., et al.</u>, Civil Action No. 684-N.

20. The Delaware Action is in clear violation of and contrary to the express terms of the Stipulation of Dismissal and Order, which was signed by Alflex on April 20, 1999 and entered as an Order by this Court on April 30, 1999, and which specifically provides that "this Court shall retain

jurisdiction over the enforcement and interpretation of the Settlement and License Agreement dated as of April 7, 1999 entered into by AFC, WPFY and Alflex for purposes of dismissing this action."

## COUNT I
### (Enforcement of the Settlement and License Agreement)

21.   AFC and WPFY reallege Paragraphs 1 through 20 of this Complaint above as if fully set forth herein.

22.   AFC, WPFY, and Alflex have entered into a valid, binding, enforceable, and confidential Settlement and License Agreement ("Agreement"), and Alflex is currently in violation of its obligations and prohibitions under said Agreement.

23.   AFC and WPFY are entitled to and accordingly seek a judicial Order enforcing all of Alflex's obligations and prohibitions under the Agreement.

## RELIEF REQUESTED

WHEREFORE, as their relief in this action, AFC and WPFY respectfully request that this Court:

(a)   enforce all of Alflex's obligations and prohibitions under the Settlement and License Agreement; or, in the alternative,

(b)   rescind the sublicense that AFC granted to Alflex, and issue a permanent injunction enjoining Alflex, its parents, subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, and all persons acting for, with, by, through, or under any of them, from selling products covered by the Licensed Patents;

(c)   award damages to AFC and WPFY sufficient to compensate for Alflex's use of the Licensed Patents for the time period following Alflex's breach of the License and Settlement Agreement;

(d) award AFC and WPFY their costs and disbursements incurred in connection with this action and all collateral litigation (including but not limited to the Delaware Action), including all attorneys fees, costs and expenses; and

(e) grant AFC and WPFY such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AFC and WPFY hereby demand a trial by jury of the issues so triable herein.

*[signature]*

Mark J. Hebert (BBO # 546712)
Robert J. Silverman (BBO # 633164)
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070 (telephone)
(617) 542-8906 (facsimile)

Attorneys for Plaintiffs AFC Cable Systems, Inc. and WPFY, Inc.

Of Counsel:

Bruce R. Genderson
David C. Kiernan
John L. Cuddihy
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)